(No. 75-CV-217–

Marie Landers, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 6, 1975.*

Marie Landers, Claimant, pro se.

William J. Scott, Attorney General, for Respondent.

Per Curiam.

This claim arises out of a criminal offense that occurred on August 17, 1974, at 2630 North Clark, Chicago, Illinois. Marie Landers, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, Sec. 71, et seq.* (hereinafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Marie Landers, age 46, 917 West Dakin, Apt. 308, Chicago, Illinois, was a victim of a violent, crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery" *(Ill. Rev. Stat. 1973, Ch. 38, §12-14).*

2. That on August 17, 1974, the claimant was pushed off a 9-inch curb into the street by Donald Johnson, age 45, 538 Wrightwood, Chicago, Illinois.

3. That statements taken by the police investigators shortly after the crime was committed present no evidence of any provocation by the claimant for the attack upon her.

4. That the victim sustained numerous injuries to her face and a broken wrist for which she received emergency first aid treatment at Illinois Masonic Medical Center and for which she received outpatient treatments for three months following her injury. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said

report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant, Donald Johnson was convicted of Aggravated Battery in the Cook County Criminal Court on October 15, 1974, (case #74-MC-692).

6. That there is no evidence that the victim and her assailant were related or were sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the claimant was unable to work from August 17, 1974, through November 21, 1974, a period of three months and three days. The claimant has not received any compensation for her lost wages. Her average monthly earnings for the six months prior to the injury were $231.85 per month. The Court accepted method for determining the wages lost is as follows: The total monthly wages ($231.85) divided by the number of days per month (30.4) and multiplied by the number of days missed (3) are then added to the monthly wages multiplied with the number of whole months of work missed (3). The total amount of lost income is therefore equal to the lost income for three months ($695.55) plus the lost income for three days ($22.89), or $718.44.

9. That the claimant incurred medical and hospital expenses which were not and will not be reimbursed by any insurance or disability benefits. The gross amount of the pecuniary loss for these items is as follows:

Hospital (Illinois Masonic Medical Center, Chicago, Illinois) . . . $292.75
Doctor (Louis Kolb, M.D., Chicago, Illinois) . . . . . . . . . . . . . . . $200.00
Optician (Lamar Tracy, Chicago, Illinois) . . . . . . . . . . . . . . . . $ 55.00
    TOTAL MEDICAL EXPENSE . . . . . . . . . . . . . . . . . . . . . . $542.75

10.   That, in determining the amount of compensation to which a claimant is entitled, §7 (d) of the Act states that this Court—

"(d)   shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That in the claim before us, the claimant received no benefits whatsoever from other sources that may be deducted from her loss, as contemplated by §7 (d) of the Act. Therefore, after the statutory deduction of $200 is deducted from the gross amount of loss ($1,266.19) as calculated in ¶8 and ¶9, an amount of compensable loss sustained by the claimant of $1,066.19 is left.

IT IS HEREBY ORDERED that the sum of $1,066.19 be awarded to the claimant, an innocent victim of a violent crime.